UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| IGANCIO COBOS,<br><br>        Plaintiff,<br><br>  vs.<br><br>MICHAEL J. KILLIAN,<br><br>        Defendant. | NO.  CV-09-5009-LRS<br><br>ORDER DENYING MOTION FOR RECONSIDERATION |

BEFORE THE COURT is Mr. Cobos's "Objection to Order Denying Application to Proceed *In Forma Pauperis*," which the court construes as a Motion for Reconsideration (Ct. Rec. 12).  Plaintiff is proceeding *pro se*; Defendant has not been served.  After review of the record and being fully informed, **IT IS ORDERED** Mr. Cobos's Motion for Reconsideration is **DENIED**.

Motions for reconsideration serve a limited function. "'[T]he major grounds that justify reconsideration involve an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Pyramid Lake Paiute Tribe v. Hodel*, 882 F.2d 364, 369 n.5 (9th Cir. 1989). Such motions are not the proper vehicle for offering evidence or theories of law that were available to the party at the time of the

ORDER DENYING MOTION FOR RECONSIDERATION -- 1

initial ruling. *Fay Corp. v. Bat Holdings I, Inc.,* 651 F.Supp. 307, 309 (W.D. Wash. 1987).

Plaintiff has not alleged that there has been an intervening change of controlling law.  Likewise, he has not offered newly discovered evidence that would justify this court taking a second look at the issue in question.  Thus, the only remaining question is whether the court should alter its prior ruling in order to "correct a clear error or prevent manifest injustice." *Pyramid Lake*, 882 F.2d at 369 n.5.

In the instant case, Plaintiff was denied leave to proceed *in forma pauperis* based on prior unsuccessful lawsuits which made him ineligible to file additional lawsuits in federal court without paying the $350.00 fee upon filing, even though he is indigent.   The Prison Litigation Reform Act makes *in forma pauperis* status unavailable to prisoners who have "on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(g); *see also Andrews v. King*, 398 F.3d 1113, 1116 n. 1 (9th Cir. 2005).

In his complaint, Mr. Cobos attempts to sue a state District Court Clerk for failing to file certain documents in his state criminal proceeding.  The court cannot infer from the face of his complaint that Plaintiff was in imminent danger of serious physical harm.  Therefore, he is precluded from proceeding without prepayment of the $350.00 filing fee.

ORDER DENYING MOTION FOR RECONSIDERATION -- 2

By Order filed March 23, 2009, the court granted Mr. Cobos twenty (20) days to pay the filing fee.  Mail sent to Mr. Cobos was returned, and several attempts were made to forward the Order of March 23, 2009 to Plaintiff.  Indeed, the deadline for compliance with that Order was also administratively changed to May 11, 2009.  Accordingly, **IT IS ORDERED** Plaintiff's Motion for Reconsideration is **DENIED.**

**IT IS SO ORDERED.**  The District Court Executive is directed to enter this Order, and forward a copy to Plaintiff at his last known address.

**DATED** this    7th    day of May, 2009.

*s/Lonny R. Suko*

LONNY R. SUKO
UNITED STATES DISTRICT JUDGE

ORDER DENYING MOTION FOR RECONSIDERATION -- 3